IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JENNIFER FRY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:18CV3145 |
| | ) | |
| v. | ) | |
| | ) | |
| DOANE UNIVERSITY, a non-profit corporation, INTERCHURCH MINISTRIES OF NEBRASKA, a non-profit corporation, NEBRASKA STATE SUICIDE PREVENTION COALITION, a non-profit corporation, and DONALD BELAU, | ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff's Complaint in this removed action, filed on October 19, 2018, alleges the following Causes of Action: (1) Title IX of the Education Amendments Act of 1972; (2) Retaliation under Title IX of the Education Amendments Act of 1972; (3) Nebraska Fair Employment Practice Act ("NFEPA"); (4) Violation of Public Policy under Nebraska law; (5) Title VII of the Civil Rights Act; (6) Infliction of Emotional Distress; (7) Negligent Supervision, Training, and Retention; (8) Assault; (9) Defamation; and (10) Tortious Interference With Employment Relationship. (Filing No. 1-1.)

On November 26, 2018, Defendants Donald Belau and the Nebraska State Suicide Prevention Coalition answered Plaintiff's Complaint (Filing Nos. 15, 16), and Defendant Doane University moved to dismiss Plaintiff's Third (NFEPA) and Fifth (Title VII) Causes of Action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Filing No. 17). Despite the filing of its Motion to Dismiss, Doane University filed an Answer (Filing No. 21) to Plaintiff's Complaint because "the other causes of action alleged in Plaintiff's Complaint are distinct from the Third and Fifth Causes of Action that are

subject to the Motion to Dismiss" and because Doane wished to "move along the proceedings, and start discovery." (Filing No. 19 ¶¶ 3, 5.)

On December 24, 2018, Plaintiff filed a Motion for Partial Dismissal (Filing No. 24) of her Third and Fifth Causes of Action without prejudice, stating that Plaintiff "voluntarily dismisses the Causes of Action that are the subject matter of Defendant Doane University's Motion to Dismiss." None of the Defendants responded to Plaintiff's Motion.

While Plaintiff fails to state the grounds on which she moves to "voluntarily dismiss" her Third and Fifth Causes of Action, she may be relying upon Fed. R. Civ. P. 41, which covers "voluntary dismissal." However, that rule applies only to dismissal of entire "actions," not individual claims. If a plaintiff wishes to dismiss some—but not all—of her claims, she should instead move to amend her complaint under Fed. R. Civ. P. 15. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("A district court cannot dismiss some claims while leaving others pending."); *Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015) (voluntary dismissal under Fed. R. Civ. P. 41(a)(2) allows plaintiff to dismiss an "action," not a claim; when plaintiff seeks to dismiss fewer than all claims, plaintiff should instead seek to amend complaint under Fed. R. Civ. P. 15(a)); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."); *Planned Parenthood Minnesota, N.D. v. Daugaard*, 946 F. Supp. 2d 913, 917 (D.S.D. 2013) (plaintiff's motion to dismiss two claims without prejudice should be construed as a Fed. R. Civ. P. 15 motion to amend complaint rather than a Fed. R. Civ. P. 41(a) motion for voluntary dismissal); *Envtl. Dynamics, Inc. v. Robert Tyer & Assocs., Inc.*, 929 F. Supp. 1212, 1227-28 (N.D. Iowa 1996) (citations omitted) ("[Plaintiff's] motions for partial summary judgment 'dismissing' some, but not all, of its claims . . . must be construed as having been brought not pursuant to Fed. R. Civ. P. 41(a)(2), but pursuant to Fed. R. Civ. P. 15."); 9 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2362 (3d ed. 2018) (footnotes omitted) (emphasis added) ("[W]hen

2

multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal *of all the claims* in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15."). *But see Ampleman v. Trans States Airlines, Inc.*, 204 F.R.D. 437, 439 (E.D. Mo. 2001) (plaintiff's motion to dismiss two claims granted when defendant did not oppose motion, parties had not filed dispositive motions on such claims, and dismissal would prevent inefficient use of judicial resources).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Partial Dismissal (Filing No. 24) shall be construed as a Motion for Leave to File an Amended Complaint under Fed. R. Civ. P. 15. Such Motion shall not be referred to the assigned Magistrate Judge, but shall remain referred to the undersigned for disposition;

2. On or before February 15, 2019, Plaintiff shall file a Supplemental Motion for Leave to File an Amended Complaint which (a) specifies the proposed amendments (i.e., deletion of the Third and Fifth Causes of Action), and (b) states whether the motion is unopposed or opposed, after conferring with opposing parties, as required by NECivR 15.1;

3. On or before February 15, 2019, Plaintiff shall file an Attachment to the Supplemental Motion for Leave to File an Amended Complaint comprised of an unsigned copy of the proposed Amended Complaint that clearly identifies the proposed amendments (i.e., deletion of the Third and Fifth Causes of Action), as required by NECivR 15.1;

4. Plaintiff is advised that the granting of the Motion and Supplemental Motion for Leave to File an Amended Complaint will not constitute filing of the

amended pleading. If granted leave to amend, Plaintiff must then file the Amended Complaint; and

5.  The Clerk of Court shall note that Plaintiff's Supplemental Motion for Leave to File an Amended Complaint and Attachment, when filed, shall not be referred to the assigned Magistrate Judge, but shall be referred to the undersigned for disposition.

DATED this 5th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge